# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 2:19-cr-00101-WHW |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **JESSIE MOORE,** | |
| Defendant. | |

On September 14, 2018, the Government filed a Complaint accusing now-Defendant Jessie Moore of possession of a firearm by a felon. ECF No. 1. Defendant moved on December 17, 2018 to dismiss the Complaint based on violations of her speedy trial rights (the "Motion"). ECF No. 10. Defendant was indicted on one count of possession of a firearm by a felon on February 8, 2019, ECF No. 14, and arraigned (pleading not guilty) on February 28, ECF No. 16. Consequently, the Government opposes the Motion as moot. ECF No. 13. For the reasons set forth below, Defendant's Motion is denied.

Defendant styles his motion as one to dismiss the Complaint pursuant to 18 U.S.C. § 3161(c)(1). ECF No. 10 at 1. That provision, part of the Speedy Trial Act of 1974, mandates that a criminal defendant's trial commence within 70 days after he is charged or makes an initial appearance, whichever is later. *Bloate v. United States*, 559 U.S. 196, 198-199 (2010); 18 U.S.C. § 3161(c)(1). If that deadline is not met, the defendant is entitled to dismissal of the charges against him. *Bloate*, 559 U.S. at 199; 18 U.S.C. § 3162(a)(2).

Defendant was charged by indictment on February 8, 2019, so the 70-day clock began running from that date. *Bloate*, 559 U.S. at 198-199; 18 U.S.C. § 3161(c)(1). That clock is still

running and will not expire until April 19, 2019. Defendant's rights under Section 3161(c)(1) have not been violated.

Defendant filed his Motion *pro se*[1], so the Court will read his submissions liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Because Defendant filed the Motion before being indicted, Section 3161(b) seems more applicable to his speedy trial claim. That provision reads, "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b).

Defendant was arrested on September 21, 2018, ECF No. 4, and he was not indicted until February 8, 2019, ECF No. 14—141 days later. But most of that time—September 25, 2018 through January 31, 2018—was excluded (with Defendant's consent) from the speedy trial clock through Orders to Continue. *See* ECF Nos. 8, 9. Only September 21 through September 24, 2018 and February 1 through February 7, 2019 count towards the speedy trial clock. This 11-day wait between arrest and indictment does not violate Defendant's speedy trial rights. **IT IS, THEREFORE**, on this 13th day of March 2019,

**ORDERED** Defendant's Motion (ECF No. 10) is DENIED.

WILLIAM H. WALLS
United States District Judge

---

[1] Defendant filed his Motion *pro se*, ECF No. 10, despite already having court-appointed counsel, ECF No. 6.